## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : <u>JURY TRIAL DEMANDED</u> |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| CORNERSTONE BUILDING BRANDS, | : **SECURITIES EXCHANGE ACT OF 1934** |
| INC., JAMES S. METCALF, ROSE LEE, | : |
| KATHLEEN J. AFFELDT, GEORGE L. | : |
| BALL, GARY L. FORBES, JOHN J. | : |
| HOLLAND, WILLIAM E. JACKSON, | : |
| WILBERT W. JAMES, JR., DANIEL | : |
| JANKI, JOHN KRENICKI, JR., TIM | : |
| O'BRIEN, JUDITH REINSDORF, NATHAN | : |
| K. SLEEPER, and JONATHAN L. | : |
| ZREBIEC, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

### NATURE OF ACTION

1.      On March 5, 2022, Cornerstone Building Brands, Inc. ("Cornerstone" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Camelot Return Intermediate Holdings, LLC and Camelot Return Merger Sub, Inc. (the "Proposed Merger").

2.      Under the terms of the Merger Agreement, Cornerstone's stockholders will receive $24.65 in cash per share.

3.      On April 7, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of Cornerstone common stock.  Plaintiff resides in this District.

9.      Defendant Cornerstone is a Delaware corporation.  Cornerstone's common stock is traded on the New York Stock Exchange under the ticker symbol "CNR."

10.      Defendant James S. Metcalf is Chairman of the Board of Directors of Cornerstone (the "Board").

11.      Defendant Rose Lee is President, Chief Executive Officer and a member of the

Board.

12.     Defendant Kathleen J. Affeldt is a member of the Board.

13.     Defendant George L. Ball is a member of the Board.

14.     Defendant Gary L. Forbes is a member of the Board.

15.     Defendant John J. Holland is a member of the Board.

16.     Defendant William E. Jackson is a member of the Board.

17.     Defendant Wilbert W. James, Jr. is a member of the Board.

18.     Defendant Daniel Janki is a member of the Board.

19.     Defendant John Krenicki, Jr. is a member of the Board.

20.     Defendant Tim O'Brien is a member of the Board.

21.     Defendant Judith Reinsdorf is a member of the Board.

22.     Defendant Nathan K. Sleeper is a member of the Board.

23.     Defendant Jonathan L. Zrebiec is a member of the Board.

24.     Defendants identified in ¶¶ 10-23 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

25.     Cornerstone is the largest manufacturer of exterior building products by sales for residential and low-rise non-residential buildings in North America.

26.     Cornerstone serves residential and commercial customers across the new construction and repair and remodel markets and Cornerstone's products span vinyl windows, vinyl siding, stone veneer, metal roofing, metal wall systems and metal accessories.

27.     On March 5, 2022, Cornerstone entered into the Merger Agreement.

28.     The press release announcing the Proposed Merger provides as follows:

Cornerstone Building Brands, Inc. (NYSE: CNR) ("Cornerstone Building Brands" or the "Company"), the largest manufacturer of exterior building products in North America, today announced that it has entered into a definitive agreement to be acquired by affiliates of Clayton, Dubilier & Rice ("CD&R") in an all-cash transaction with an enterprise value of approximately $5.8 billion, including the assumption of debt.

CD&R, in the aggregate, is currently the beneficial owner of approximately 49% of the Company's outstanding shares of common stock. The proposed transaction delivers substantial value to Cornerstone Building Brands' shareholders, who will receive $24.65 in cash per share, representing an approximately 16% premium to the closing price of the Company's common stock as of March 4, 2022, and an approximately 75% premium to the closing price of the Company's common stock as of February 4, 2022, the last trading day prior to speculation in the market regarding a potential transaction.

The proposed transaction has been approved by a special committee of independent directors of the Company's Board of Directors (the "Special Committee") previously formed to evaluate and consider any potential or actual proposal from CD&R. The Board of Directors of the Company has approved the proposed transaction on the recommendation of the Special Committee.

"We believe this transaction provides substantial value for our shareholders while also accelerating Cornerstone Building Brands' aspiration to become a premier exterior building solutions company," said Rose Lee, President and Chief Executive Officer of Cornerstone Building Brands. "We have grown our business and portfolio since 2018 when the Company was created, delivering high-quality exterior building products with a strong focus on being a partner of choice for our customers. CD&R will continue to be an outstanding partner as we advance our operational improvements and innovation-driven growth to create many positive outcomes for our customers and employees."

"We are pleased to have reached this agreement with CD&R, which delivers a significant and immediate cash premium to our shareholders," said George L. Ball, Special Committee Chair. "The Special Committee thoroughly reviewed CD&R's proposal, considering the benefits of the transaction against other strategic alternatives available to the Company, including continuing as a publicly-traded company. Following this review, the Board determined this transaction is the best path forward for Cornerstone Building Brands and its shareholders. This transaction reflects the significant value of our business and leadership position in the building products industry."

J.L. Zrebiec, Partner at CD&R, said, "As a supportive long-term investor over a number of years, we have seen firsthand the significant value that Cornerstone Building Brands brings to its customers and communities across North America. The Company has an outstanding team and portfolio of products well-positioned to

meet the needs of today's evolving market. We are confident that as a privately held company, with CD&R's operational and strategic support, Cornerstone Building Brands will be even better positioned in its next phase of growth." The proposed transaction will result in the Company becoming a private company and is expected to close in the second or third quarter of 2022, subject to customary closing conditions, including receipt of regulatory approvals. The transaction is subject to approval by holders of a majority of the shares not owned by CD&R and its affiliates.

**Advisors**

Centerview Partners LLC is serving as financial advisor to the Special Committee and Wachtell, Lipton, Rosen & Katz is serving as legal counsel to the Special Committee. Sullivan & Cromwell LLP is serving as legal counsel to Cornerstone Building Brands.

UBS Investment Bank, Barclays, BNP Paribas Securities Corp., Goldman Sachs, Jefferies, Natixis, New York Branch, RBC Capital Markets, and Societe Generale are providing financial advisory services to CD&R. Kirkland & Ellis LLP is serving as legal counsel on the transaction and Debevoise & Plimpton LLP is serving as legal counsel on the financing. CD&R has obtained committed financing from Deutsche Bank Securities Inc., UBS Investment Bank, Barclays, BNP Paribas, RBC Capital Markets, Societe Generale, Goldman Sachs, Natixis, New York Branch, Jefferies, Apollo, Blackstone Credit, and U.S. Bank.

29.    On April 7, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

30.    The Proxy fails to disclose material information regarding Cornerstone's financial projections, specifically: the line items underlying the projections.

31.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

32.     The Proxy fails to disclose material information regarding the financial analyses conducted by Centerview Partners LLC ("Centerview").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33.     Regarding Centerview's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Centerview; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Centerview; (iii) the net debt utilized by Centerview; and (iv) the fully diluted shares utilized by Centerview.

34.     Regarding Centerview's Analyst Price Targets Analysis, the Proxy fails to disclose: (i) the price targets utilized by Centerview; and (ii) the sources of the price targets.

35.     Regarding Centerview's Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Centerview; and (ii) the premia paid in the transactions utilized by Centerview.

## COUNT I

### Claim Against the Individual Defendants and Cornerstone for Violation of Section 14(a) of the Exchange Act and Rule 14a-9

36.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

37.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

38.     Cornerstone is liable as the issuer of these statements.

39.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

40.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

41.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

42.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

43.     The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

44.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

45.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47.     The Individual Defendants acted as controlling persons of Cornerstone within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48.     Due to their positions as officers and/or directors of Cornerstone and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false

statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51.     The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

52.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

54.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

55.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  April 20, 2022                                 **GRABAR LAW OFFICE**

                                                    By: _____
                                                    Joshua H. Grabar (#82525)
                                                    One Liberty Place
                                                    1650 Market Street, Suite 3600
                                                    Philadelphia, PA 19103
                                                    267-507-6085
                                                    jgrabar@grabarlaw.com

                                                    *Counsel for Plaintiff*